■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL J. MANCINI, Appellant.— Appeal (1) from a judgment of the County Court, Queens County, convicting appellant after trial of robbery in the first degree, grand larceny in the first degree, and assault in the second degree, and sentencing him to serve from 15 to 20 years concurrently with a sentence imposed on the same day for another crime, and (2) from said sentence. Judgment reversed on the law and the facts and a new trial ordered. The prosecutor improperly used extrinsic evidence to discredit appellant's denial that he had participated in other crimes, and referred in his summation to matter which the jury could not properly consider in its deliberations. In our opinion this deprived appellant of a fair trial (*People v. Ochs*, 3 N Y 2d 54; *People v. McCormick*, 303 N. Y. 403; *People v. Malkin*, 250 N. Y. 185; *People v. Lombard*, 4 A D 2d 666). No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ SEBASTIAN SAGLIMBENI, Respondent, v. MARGARET C. HAYDEN, Defendant, and FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF HEMPSTEAD, Defendant and Third-Party Plaintiff-Appellant. CUZZI BROS. AND SINGER, INC., Third-Party Defendant-Respondent.— Plaintiff was employed by Cuzzi Bros. and Singer, Inc., which contracted with First Federal Savings & Loan Association of Hempstead to remodel its building. First Federal retained the right to inspect the contractor's work, and its architect did in fact inspect the work from time to time. Under the direction of his supervisor, plaintiff, prior to First Federal's business hours, was engaged in digging a trench on a driveway adjacent to First Federal's building when he was struck by a motor vehicle. An employee of the bank, Margaret C. Hayden, had driven her motor vehicle onto the driveway for the purpose of parking it on a lot adjacent to the driveway. Plaintiff sued Hayden and First Federal to recover damages for personal injuries, and First Federal commenced a third-party action against

the contractor, plaintiff's employer. At the commencement of the trial plaintiff, having settled the action against Hayden, discontinued the action as to her, and the action was continued against First Federal. The court instructed the jury that First Federal could be held liable only if it, in effect, was a general contractor and exercised supervision of the work of the contractor. The jury rendered a verdict in favor of plaintiff for $8,000 against First Federal and the court dismissed the third-party complaint. First Federal appeals from the judgment entered thereon. Judgment modified on the law and the facts by striking therefrom the first decretal paragraph and by substituting in place thereof a provision that the complaint be dismissed on the merits. As so modified, judgment affirmed, with costs to appellant, payable by plaintiff-respondent. There is no evidence that appellant supervised the work of the contractor, no evidence that appellant had reasonable notice of any necessity for barricading the driveway, and no evidence that appellant breached any duty it owed to plaintiff-respondent. There was a gate at the entrance to the driveway which could have been closed. Plaintiff-respondent seeks to charge appellant with the same omission that was made by him and his foreman. (Cf. *Morris* v. *Hunter & Son*, 1 N Y 2d 696; *Italiano* v. *Jeffrey Garden Apts. Section II*, 3 A D 2d 677 and cases cited therein.) Nolan, P. J., Wenzel, Ughetta and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: Appellant, owner of the premises, having furnished this driveway as a place of work, was required to make it safe for that purpose. The fact that appellant's vice-president saw plaintiff-respondent working there shortly before the accident was sufficient notice that his place of work was not safe from motor vehicles which appellant's employees were in the habit of parking in the rear of the premises. (Cf. *Searson* v. *Corbetta Constr. Co.*, 2 N Y 2d 766.)